```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINCENT TERIO,

                Plaintiff,

-v-

JOHN LOOSEN, Prosthetic Representative, Veterans
Administration of the Hudson Valley,

                Defendant.

No. 08-CV-5267 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

    On or about May 5, 2008, Plaintiff Vincent Terio ("Plaintiff") filed a small claims action in Beacon City Court, Dutchess County, New York, against Defendant John Loosen ("Defendant"), prosthetic representative at the Veterans Administration of the Hudson Valley. Defendant removed the case to this Court pursuant to 28 U.S.C. § 1442.

    On June 17, 2008, Plaintiff filed a "Notice of Motion" challenging the removal. Because Plaintiff is pro se, the Court deems this document to be a timely Motion to Remand and liberally interprets its arguments. *See Fisher v. Bldg. Servs. 32-B-J Health Fund*, No. 96-CV-4317, 1997 WL 590843, at *1 (S.D.N.Y. Sept. 22, 1997). In such a light, Plaintiff asserts that this Court lacks subject matter jurisdiction (¶ 2), that counsel's action in removing was "frivolous" (¶ 3), and that policy considerations support resolution of Plaintiff's claim in small claims court (¶ 4).

    The federal removal statute 28 U.S.C. § 1442, however, clearly allows removal of a suit against a federal official sued "for any act under color of such office." Plaintiff's case falls squarely within this statute, and so this Court has subject matter jurisdiction. In light of the clear applicability of the statute, the removal is not frivolous and the Court cannot reach the policy considerations raised by Plaintiff, whatever their merits.

    Lastly, Plaintiff appears to question whether the removal notice was properly served. Defendant's removal was filed with the required affidavit of service reflecting that a copy was mailed to Plaintiff's address of record as recorded in the Beacon City Court case. The Court thereby finds Defendant to have satisfied the notice requirement of 28 U.S.C.§ 1446(d).

Accordingly, Plaintiff's Motion to Remand is DENIED. Pursuant to prior Order of the Court, Defendant has until July 31, 2008, to answer or to seek leave to dismiss the Complaint.

SO ORDERED.

Dated:  June 26, 2008
        White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

Westlaw.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1997 WL 590843 (S.D.N.Y.)  
**(Cite as: Not Reported in F.Supp., 1997 WL 590843 (S.D.N.Y.))**

Page 1

Fisher v. Building Services 32-B-J Health Fund  
S.D.N.Y.,1997.  
Only the Westlaw citation is currently available.  
United States District Court, S.D. New York.  
Dr. Fred FISHER, Plaintiff,  
v.  
BUILDING SERVICES 32-B-J HEALTH FUND, Defendant.  
**No. 96 Civ. 4317(KMW).**

Sept. 22, 1997.

OPINION & ORDER

WOOD, J.

*1 This is one of many cases in which plaintiff, a dentist who practices in New York City, has sued defendant, an employee's health fund, for its alleged failure to reimburse plaintiff's patients for dental services plaintiff performed for them. Currently before me is plaintiff's motion for remand and sanctions.

I. *Background*

Plaintiff, who is proceeding *pro se,* originally filed this action in the Harlem SmallClaimsCourt of the Civil Court of New York on March 8, 1996. Defendant never responded to the complaint, and plaintiff was granted a default judgment on April 18, 1996. Defendant received the Notice of Default Judgment on or about April 22, 1996. The default judgment was vacated on June 6, 1996, and defendant on June 12, 1996 removed this action to the federal court pursuant to 28 U.S.C. § 1446, because the action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1001, *et seq.,* and, as such, is one in which the federal courts have original jurisdiction.

On June 17, 1996, plaintiff filed a document titled "Opposition to Removal," which requested that I deny defendant's removal as untimely because it occurred more than thirty days after defendant received the complaint. Defendant did not respond to this submission. Four months later, on October 16, 1996, plaintiff filed a motion to remand the action to state court based on the untimeliness of defendant's removal and the lack of subject matter jurisdiction in this Court.

II. *Discussion*

A. *Motion to Remand*

Although I find little merit to plaintiff's challenges to this Court's subject matter jurisdiction,[FN1] plaintiff's claim that removal was untimely has merit.

> FN1. I note that plaintiff's objections to this Court's subject matter jurisdiction were raised by plaintiff in another case, involving the same parties, that is currently pending before Judge Leisure. These objections were addressed and rejected in an extremely thorough and well-reasoned Report and Recommendation written by Magistrate Judge Dolinger dated October 25, 1995, which was adopted by Judge Leisure on February 22, 1996. *See Fisher v. Building Services 32B-J Health Fund,* No. 95 Civ. 2854 (S.D.N.Y. filed April 25, 1995).

Initially, I note that in addition to the thirty-day deadline for removal motions, motions to remand must also be timely made. In particular, pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect in the removal procedure must be made within thirty days after the filing of a notice of removal under § 1446(a). Additionally, the failure to challenge a nonjurisdictional defect, such as untimeliness, in a removal petition can amount to a waiver of the right to object. *Hamilton v. Aetna Life & Casualty Co.,* 5 F.3d 642, 643 (2d Cir.1993); *An-*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 2
Not Reported in F.Supp., 1997 WL 590843 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp., 1997 WL 590843 (S.D.N.Y.))**

onymous v. Goddard Riverside Community Ctr., Inc.,1997 WL 381790 at *1, n. 1 (S.D.N.Y. July 10, 1997); *Hartford Insurance Co. v. Compania Dominicana De Aviacion, C. Por A.,* 1990 WL 198744, at *3 (E.D.N.Y. Nov.19, 1990). Accordingly, plaintiff's motion to remand, filed roughly four months after defendant removed the case to federal court, would be untimely under § 1447(c). However, because plaintiff is proceeding *pro se,* and I interpret his papers liberally, *see, e.g., Hughes v. Rowe,* 499 U.S. 5, 9 (1980); *Haines v. Kerner,* 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972),[FN2] I will construe his Opposition to Removal as a motion to remand. *Cf. Town of Moreau v. New York State Dept. of Envtl. Conservation,* 1997 WL 243258 (N.D.N.Y. May 5, 1991) (refusing to relax otherwise stringent removal requirements to find a waiver where plaintiff failed to raise the particular issue of defendant's untimely removal). This Opposition to Removal, filed on June 17, 1996, was clearly within the thirty-day time limit imposed by § 1447(c). Accordingly, I will now consider plaintiff's motion to remand.

> FN2. Although I am granting plaintiff a certain amount of deference due to his *pro se* status, I note that it is questionable whether, given his litigation experience, he is entitled to it. *See, e.g., Davidson v. Flynn,* 32 F.3d 27, 31 (2d Cir.1994) (in dismissing *pro se* complaint, court stated "[t]he plaintiff in the case at bar, however, is an extremely litigious inmate who is quite familiar with the legal system and with pleading requirements.").

*2 Defendants removing a case from state to federal court pursuant to 28 U.S.C. § 1446 are required to file the notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...."28 U.S.C. 1446(b). This removal rule is mandatory and strictly construed against removal. *Sharock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *DiPasquale v. Greyhound Lines, Inc.,* 1997 WL 374212 (W.D.N.Y. June 17, 1997); *See also,* 14A Charles Alan Wright, et al., *Federal Practice and Procedure* (hereinafter "Wright") § 3732, at 527 (1985).

The burden of demonstrating compliance with the removal requirements lies with the removing party, and where the propriety of removal is in doubt, doubts must be resolved against federal retention of jurisdiction. *DiPasquale,* 1997 WL 374212 at *1; *Maybruck v. Haim,* 290 F.Supp. 721, 724 (S.D.N.Y.1968) (citing *Lance Int'l Inc. v. Aetna Casualty & Surety Co.,* 264 F.Supp. 349, 356 (S.D.N.Y.1967).

In response to plaintiff's motion to remand, defendant claims that it never received the summons and complaint in this case, and that the first notice it received of the action was the default notice. Defendant's attorney has submitted an affidavit dated October 24, 1996, which states that "Upon information and belief, the first notice of this action received by the Fund was a Notice of Default Judgment." (Faul Aff. Oct. 24, 1996, ¶ 6.) In response, plaintiff, has submitted a return receipt which indicates that defendant received mail on March 8, 1996. This receipt was signed by one of defendant's employees. In addition, plaintiff has submitted a copy of the smallClaimsCourt index card which indicates that the complaint and summons was mailed on March 7, 1996 and served on March 8, 1996.[FN3]

> FN3. This procedure constitutes proper service in New York's smallclaimscourt pursuant to McKinney's 1996 New York Rules of Court § 208.41, which provides in relevant part:
>
> Within five days after the action is recorded, the clerk shall send to the defendant by ordinary first class mail and certified mail, return receipt requested, addressed to one or more of the addresses supplied as shall be deemed necessary, a signed

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 590843 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp., 1997 WL 590843 (S.D.N.Y.))**

Page 3

notice bearing the seal of court....

Based on the documents submitted by plaintiff, it appears that defendant was properly served with the complaint. However, even if defendant was not properly served, I find that it received a copy of the complaint on March 8, 1996, and that receipt of a complaint is sufficient to trigger the thirty-day clock.

Defendant argues that the time to remove an action does not start to run until defendant has been properly served, relying on *Estate of Baratt v. Phoenix Mutual Life Insurance Co.,* 787 F.Supp. 333 (W.D.N.Y.1992). Accordingly, defendant argues, because plaintiff cannot prove that defendant was properly served, the time to remove the case should not begin to run until defendant received the notice of default. Although, as *Estate of Baratt* acknowledges, there is some disagreement among the district courts as to whether the period for removal is triggered by proper service or mere receipt of the pleadings by the defendant, *id,* at 336, there appears to be a consensus among judges in this district that the thirty days begins to run upon receipt of the pleadings. *See, e.g., Black v. Moody,* 896 F.Supp. 157 (S.D.N.Y.1995); *Mermelstein v. Maki,* 830 F.Supp. 180 (S.D.N.Y.1993); *Figueroa v. Kim,* 813 F.Supp. 267, 268 (S.D.N.Y.1993); *Gates Construction Corp. v. Koschak,* 792 F.Supp. 334, 336 (S.D.N.Y.1992); *see also Weimer v. City of Johnston,* 931 F.Supp. 985, 989 (N.D.N.Y.1996); 14A Wright, § 3732 at 516 ("it is now settled law that the time for seeking removal begins to run only when the defendant or an agent in fact receives the process. Technicalities of state law as to the completion of service of process are ignored, just as state law generally is disregarded, when removal is considered."); 1A Moore's *Federal Practice,* 0.168 [3.-5-5] at 576 (1986) ( 28 U.S.C. § 1446(b)"does not refer to 'commencement of the action or service of process.' "). This reading accords the language of the statute its plain meaning, for 28 U.S.C. § 1446(b) says that defendant must file its notice of removal"within thirty days after the receipt by the defendant, through service *or otherwise...*"28 U.S.C. § 1446(b) (emphasis added). In addition, this reading of the statute advances Congress's purpose of "establish [[ing] a uniform federal system for removal of cases to federal court.... [and] is consistent with the well-established principle that the removal statute is to be construed narrowly and against removal." *Gates Construction Corp.,* 792 F.2d at 336 (quoting *Schwartz Bros., Inc. v. Striped Horse Records,* 745 F.Supp. 338, 340 (D.Md.1990)). Accordingly, I find that the thirty-day period began to run when defendant received a copy of the complaint on March 8, 1996.

*\*3* Defendant has failed to meet its burden of demonstrating that it removed this action within thirty days of receipt of the complaint on March 8, 1996. Therefore, I find that defendant's removal of this case on June 12, 1996 was untimely, and I thus remand this case back to the Harlem SmallClaimsCourt.

B. *Plaintiff's Request for Sanctions*

Plaintiff requests that I impose sanctions on defendant pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") for attempting to remove this action more than 30 days after it received the complaint. For the following reasons, I find that Rule 11 sanctions are inappropriate.

Initially, I note that defendant's removal was not so utterly frivolous, harassing, or unwarranted so as to make sanctions appropriate. Defendant's attorney has sworn that defendant believed that it was never served with the complaint. Additionally, under Rule 11, as amended, the party moving for a sanction must have served the opposing party with the Rule 11 motion and given the opposing party an opportunity to withdraw the allegedly frivolous motion before filing the Rule 11 motion with the court. Fed.R.Civ.P. 11(c)(1). Plaintiff nowhere alleges that he gave defendant an opportunity to withdraw this removal motion before he filed his motion for sanctions. Accordingly, I decline to impose sanc-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 590843 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp., 1997 WL 590843 (S.D.N.Y.))**

Page 4

tions on defendant.[FN4]

> FN4. I note that I also find that defendant's conduct is not sanctionable under 28 U.S.C. § 1927. A finding of bad faith is ordinarily required to sanction a party under 28 U.S.C. § 1927. *Oliveri v. Thompson,* 803 F.2d 1265, 1273 (2d Cir.1986) ("[A]n award under Sec.1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay."), *cert. denied,* 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987). Although the removal motion was untimely, defendant's attorney apparently filed the motion on the understanding that defendant never received the complaint. Thus, the motion was not necessarily filed in bad faith.

### III. *Conclusion*

For the foregoing reasons, I grant plaintiff's motion to remand this action to the Harlem SmallClaimsCourt of the Civil Court of New York, and deny plaintiff's motion for sanctions. The Clerk of Court is directed to transfer this case in accordance with Local Rule 83.1.

SO ORDERED.

S.D.N.Y.,1997.
Fisher v. Building Services 32-B-J Health Fund
Not Reported in F.Supp., 1997 WL 590843 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.