

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

**MEMO ENDORSED**

86 Chambers Street, 3rd Floor
New York, New York 10007

August 8, 2008

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

<u>BY HAND</u>

Honorable Kenneth M. Karas
United States Courthouse
300 Quarropas Street, Room 533
White Plains, New York 10601-4150

      Re: <u>Vincent Terio v. John Loosen, Prosthetics Rep.,</u>
          <u>VA Hudson Valley</u>, 08 CV 5267 (KMK)

Dear Judge Karas:

      This Office represents defendant John Loosen, an employee of the Department of Veterans Affairs ("VA"), in the above-referenced action. Pursuant to the Court's order of August 4, 2008 and the Court's Individual Rule of Practice II.A., I write respectfully to request a pre-motion conference and leave to file a motion to dismiss plaintiff's complaint. I also write respectfully to apologize to the Court for my error in filing a motion before seeking leave to do so, as the Court's order and Rule II.A. require.

      The Government believes that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction. Plaintiff Vincent Terio ("Plaintiff") seeks judicial review of an alleged "DENIAL OF HOSPITAL BEDDING AND ELECTRICAL BED BASE." However, pursuant to 38 U.S.C. § 511(a) and (b), the Court of Appeals for Veterans Claims is vested with exclusive jurisdiction to review determinations of the Board of Veterans' Appeals ("BVA") with regard to individual veteran benefits.

      It is fundamental, under the doctrine of sovereign immunity, that the United States cannot be sued without its consent. See <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976); <u>United States v. Sherwood</u>, 312 U.S. 584, 585 (1941). Moreover, sovereign immunity cannot be avoided by suing individual Federal departments, such as the VA. See <u>Blackmar v. Guerre</u>, 342 U.S. 512, 515 (1952). Although an action may be nominally brought against a Federal official, it is considered to be brought against the sovereign where, as here, the judgment sought would expend itself on the public treasury or domain, interfere with the public administration, or restrain the Government from acting

or compel it to act.[1]  See Dugan v. Rank, 372 U.S. 609, 620 (1963); Hawaii v. Gordon, 373 U.S. 57, 58 (1963) (per curiam); Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 687-88 (1949); see also Weaver v. United States, 98 F.3d 518, 520 (10th Cir. 1996) (sovereign immunity cannot be avoided by naming individual Government officials as defendants).

The United States has not waived its sovereign immunity as to review of VA benefits decisions or procedures, except in limited circumstances not applicable here, by any court other than the United States Court of Appeals for Veterans Claims ("CAVC"), the United States Court of Appeals for the Federal Circuit, and the United States Supreme Court. See 38 U.S.C. § 7252(a) (CAVC has exclusive jurisdiction over appeals from final decisions by the BVA); 38 U.S.C. § 7292(c) (the Court of Appeals for the Federal Circuit has exclusive jurisdiction over appeals from the CAVC); 38 U.S.C. § 7291 (claimant may petition the United States Supreme Court for review of the decision of the Federal Circuit).

Section 511(a) of Title 38 of the United States Code, as amended, provides in pertinent part:

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans.  Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and <u>may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise</u>.

38 U.S.C. § 511(a) (emphasis added).  Section 511(b) provides for review of final decisions of the BVA by the CAVC, 38 U.S.C. § 511(b)(4), and also sets forth other limited exceptions to section 511(a)'s general rule prohibiting judicial review, see 38 U.S.C. § 511(b)(1) (judicial review of alleged violations of FOIA in the Federal Circuit); 38 U.S.C. § 511(b)(2)-(3) (judicial

---

[1] The Second Circuit has expressly rejected attempts to assert Bivens claims against VA employees in their individual capacities arising out of their alleged acts or omissions with respect to benefits determinations.  Sugrue v. Derwinski, 26 F.3d 8, 12 (2d Cir. 1994).  Accordingly, no cause of action lies against John Loosen, in his individual capacity.

2

review of actions involving insurance and certain housing and small business loans).

The Court should dismiss Plaintiff's complaint for lack of subject matter jurisdiction because it challenges in district court an individual benefit determination and is thus barred under section 511(a). His Complaint for "denial of hospital bedding and electrical bed base" constitutes a challenge to a determination on a claim for an individual benefit. Plaintiff does not allege a facial constitutional violation nor does his claim fall within any of the exceptions to section 511(a)'s prohibition on judicial review. The CAVC has exclusive jurisdiction to adjudicate a challenge to an individual benefit determination; accordingly, his Complaint must be dismissed for lack of subject jurisdiction.

Again, I apologize for my error in filing a motion prior to seeking leave to do so and for any inconvenience it caused the Court. Thank you for your consideration.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney

BY: *Susan C. Branagan*
SUSAN C. BRANAGAN
Assistant United States Attorney
Tel. No.: (212) 637-2804
Fax No.: (212) 637-2750

cc: Vincent Terio, Pro Se
P.O. Box 131
Fishkill, New York 12524

*The Court will hold a pre motion conference on September 29, 2008, at 11:00. Plaintiff is to respond to this letter by September 10, 2008.*

*So Ordered*

*[signature] KMK*
*8/29/08*